1 │ SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2 │   Including Professional Corporations
    │ GREG S. LABATE, Cal. Bar No. 149918
3 │ glabate@sheppardmullin.com
    │ TINA RAD, Cal. Bar No. 258849
4 │ trad@sheppardmullin.com
    │ 650 Town Center Drive, 4th Floor
5 │ Costa Mesa, California 92626-1993
    │ Telephone: 714-513-5100
6 │ Facsimile: 714-513-5130

7 │ Attorneys for Defendant
    │ IMI MARKETING, INC.

8 │

9 │                    UNITED STATES DISTRICT COURT

10 │        CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

11 │

12 │ EMELIA GONZALEZ,                     Case No.   **SACV11-01582    AN**

13 │               Plaintiff,
                                          **NOTICE OF REMOVAL OF CIVIL**
14 │        v.                            **ACTION BY DEFENDANT IMI**
                                          **MARKETING, INC. UNDER 28**
15 │ IMI MARKETING, INC., a California    **U.S.C. § 1441(c) (FEDERAL**
    │ corporation doing business as "Integrity **QUESTION JURISDICTION)**
16 │ Alarms;" MICHAEL NELSON, an
    │ individual; and DOES 1 through 10,
17 │ inclusive,
                                          Complaint Filed: September 1, 2011
18 │               Defendants.            Trial Date:    None set

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │

-1-

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2           PLEASE TAKE NOTICE that Defendant IMI Marketing, Inc. hereby

3   removes to this Court the state court action described below pursuant to 28 U.S.C §§

4   1331, 1441 and 1446, based on federal question jurisdiction and jurisdiction

5   pursuant to 28 U.S.C. § 1441(c) as set forth below.  The following is a short and

6   plain statement of the grounds for removal and a listing of pleadings to date.

7

8                    **THE STATE COURT ACTION**

9           1.      On September 1, 2011, Plaintiff Emelia Gonzalez ("Plaintiff"),

10  on behalf of herself and all others similarly situated, filed an action in the Superior

11  Court of the State of California for the County of Orange, entitled <u>Emelia Gonzalez</u>

12  <u>v. IMI Marketing, Inc., a California corporation doing business as "Integrity</u>

13  <u>Alarms"; Michael Nelson, an individual; and DOES 1 through 10, inclusive</u>, Case

14  No. 30-2011-00505748.  On approximately September 20, 2011, a copy of the

15  Summons and Complaint was served on Defendant.  Attached hereto as Exhibit A,

16  in accordance with 28 U.S.C. § 1446(a), are true and correct copies of the pleadings,

17  process, and orders of the state action.  These documents include:  the Summons, the

18  Complaint, and Defendant's Answer.

19          2.      Defendant has filed this Notice pursuant to 28 U.S.C. § 1446(b)

20  in a timely fashion, in that this Notice has been filed within 30 days of the date that

21  the Complaint was deemed filed and served on Defendant.

22

23                        **JURISDICTION**

24          3.      This Court has original jurisdiction over this case because federal

25  question jurisdiction exists under 28 U.S.C. § 1331, in that Plaintiff's First Cause of

26  Action is predicated on alleged violations of the federal Fair Labor Standards Act,

27  29 U.S.C. § 201 et seq.

28

4. Pursuant to 28 U.S.C. § 1441(c), this Court has jurisdiction over all of the claims asserted in the Complaint, and hence this entire matter, because Plaintiff has joined a separate and independent federal law claim with other claims that are otherwise non-removable. Pursuant to 28 U.S.C. § 1441(c), "whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein. . . ." See 28 U.S.C. § 1441(c). In other words, an entire action can be removed to federal court when: (1) a separate and independent federal law claim that arises under federal law is asserted, and (2) at least one other claim that is otherwise non-removable is also asserted. Because these requirements are met, this entire action is subject to removal to federal court.

5. In the Complaint, Plaintiff asserts claims against Defendants for: (1) violation of 29 U.S.C. § 207; (2) violation of Labor Code § 510, § 1198, and IWC Wage Orders; (3) violation of Labor Code § 226.7, § 512, and IWC Wage Orders; (4) violation of Labor Code §§ 201, 202 and 201; (5) violation of Labor Code § 226; and (6) violation of California Business and Professions Code § 17200, et seq.

6. Plaintiff's First Cause of Action for failure to pay overtime wages pursuant to the Fair Labor Standards Act is a separate and independent federal law claim. Under this claim, Plaintiff alleges that Defendant violated the Fair Labor Standards Act by failing to pay members of the proposed Fair Labor Standards Act Collective Class for all work accomplished in excess of forty hours per week. This claim is subject to removal because it arises under federal law, and it is separate and independent from other claims in the Complaint.

7. The statutory requirements for removal are plainly met. This Court has jurisdiction pursuant to 28 U.S.C. § 1441(c) over all of the claims asserted in the Complaint because Plaintiff has joined a separate and independent federal law

-3-

NOTICE OF REMOVAL

1  claim with other claims that are otherwise non-removable because they do not arise

2  under federal law and there is no diversity jurisdiction.

3

4  **JOINDER NOT NECESSARY**

5        8.    Michael Nelson, named as a defendant in the Complaint, has not

6  been properly served with the Summons and Complaint and is therefore not

7  currently a defendant in this action.  However, Michael Nelson has consented to the

8  removal of this case to federal court in the event that he is properly served.

9

10  **COMPLIANCE WITH STATUTORY REQUIREMENTS**

11        9.    Pursuant to 28 U.S.C. § 1446(a), copies of the process, pleadings

12  and orders received by Defendant in the state court action are attached as Exhibit A.

13        10.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed

14  within 30 days of service of the Complaint on Defendant.

15        11.    Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly

16  provide written notice of the removal of this action to Plaintiff, through her

17  attorneys of record, and to the Superior Court of California for the County of

18  Orange.

19        WHEREFORE, Defendant removes the original action brought by

20  Plaintiff in the Superior Court of the State of California for the County of Orange

21  from that Court to this Court.

22  Dated:  October 11, 2011

23                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

24

25        By    _____

26                          GREG S. LABATE
                            TINA RAD
27                          Attorneys for Defendant
                            IMI MARKETING, INC.
28

-4-

# EXHIBIT A

# EXHIBIT A

SUM-100

# SUMMONS
## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Additional Parties Attachment Form is Attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EMELIA GONZALEZ

---

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/01/2011** at 08:24:01 AM

Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Orange County Superior Court, Complex | CASE NUMBER: *(Número del)* 30-2011-00505748-CU-OE-CXC |
|---|---|

751 West Santa Ana, Blvd.
Santa Ana, CA 92701

Judge Ronald L. Bauer

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DEASON & ARCHBOLD; 3300 Irvine Avenue, Suite 245; Newport Beach, CA 92660; (949) 794-9560

DATE: 09/01/2011  ALAN CARLSON, Clerk of the Court          , by _____ , Deputy
*(Fecha)*                              *(Secretario)*                                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

Maarit H Nordman

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gonzalez v. IMI Marketing, Inc., et al. | |

### INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

IMI MARKETING, INC., a California corporation doing business as "Integrity Alarms";
MICHAEL NELSON, an individual; and
DOES 1 through 10, inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
**Attachment to Summons**

Matthew F. Archbold (CA SBN 210369)
e-mail: matthew@yourlaborlawyers.com
David D. Deason (SBN 207733)
DEASON & ARCHBOLD
3300 Irvine Avenue, Suite 245
Newport Beach, CA 92660
Telephone: (949) 794-9560
Facsimile: (949) 794-9517

Attorneys for Individual and Representative Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/01/2011** at 08:24:01 AM
Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| EMELIA GONZALEZ,<br><br>                    Plaintiff,<br><br>        vs.<br><br>IMI MARKETING, INC., a California<br>corporation doing business as "Integrity<br>Alarms";<br>MICHAEL NELSON, an individual; and<br>DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.:  30-2011-00605748-CU-OE-CXC<br><br>[CLASS ACTION PURSUANT TO CODE<br>OF CIVIL PROCEDURE § 382, AND<br>COLLECTIVE ACTION PURSUANT TO 29<br>USC §216(b)]<br><br>**COMPLAINT FOR DAMAGES;<br>DEMAND FOR JURY TRIAL**<br><br>1. Violation of 29 U.S.C. §207;<br>2. Violation of Labor Code §510,<br>    §1198, and IWC Wage Orders;<br>3. Violation of Labor Code §226.7, §512, and<br>    IWC Wage Orders;<br>4. Violation of Labor Code §§201, 202 &<br>    203;<br>5. Violation of Labor Code §226; and<br>6. Violation of B&P Code §17200, et seq.<br><br>Judge Ronald L. Bauer |

## JURISDICTION

1.     This Court has jurisdiction over this action as the controversy arises
under the laws of the State of California and the Fair Labor Standards Act of 1938
("FLSA"), 29 U.S.C. §§ 201 *et seq.*

1

### VENUE

2.      Venue is proper in the Orange County Superior Court because a substantial part of the acts, events, or omissions giving rise to the action occurred in this County, and Defendant resides and/or operates a place of business within the County of Orange.

### PARTIES

3.      Individual and representative Plaintiff, Emelia Gonzalez (hereinafter "GONZALEZ" or "Plaintiff"), is a resident of Orange County, in the State of California.  Plaintiff was employed by Defendants from approximately December of 2010 through July, 2011.  Plaintiff brings her claims on behalf of the national collective and California classes, as set forth below.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendant IMI MARKETING, INC. (hereinafter "IMI MARKETING" or "Defendant") was and is a Delaware corporation doing business as "Integrity Alarms" under and by virtue of the laws of the State of California, and engaged in commerce throughout the United States.

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant Michael Nelson (hereinafter "NELSON") is a United States citizen and a resident of Orange County, in the State of California.  At all times relevant to this action, Defendant NELSON was an owner, officer, director, Chief Executive Officer, and/or operating manager of IMI MARKETING, and was responsible for making decisions regarding the company's policies and actions.

6.      Each of the DOES 1 through 10, inclusive, is so named because Plaintiff does not know their true names and/or capacities at this time.  Plaintiff will seek leave of Court to amend this Complaint when the true names and capacities of the defendants designated herein as DOES 1 through 10 have been ascertained.

////

2

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

7.    Plaintiff is informed and believes, and on the basis of such information and belief, alleges that each defendant was an agent, employee, partner, joint enterprise, and/or alter ego of or with each of the other remaining defendants, and in doing the things herein alleged were acting within the scope and course of such agency and/or employment.  Upon information and belief, each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged, as well as the injuries of the putative class, were proximately caused by such defendants.

8.    The defendants, and each of them, save and except Defendant IMI MARKETING, which is being sued as an entity, are sued in their individual and official capacities.

9.    The acts of defendants were in accordance with, and represent the official policies of IMI MARKETING, or those whose edicts or acts may fairly be said to represent official policies hereinafter set forth.

10.    Each defendant herein willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized or otherwise participated in the unlawful acts complained of herein.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

11.    This is a collective and class action, pursuant to FLSA, 29 U.S.C. § 216(b) and California Civil Code of Procedure ("CCP"), Section 382, brought by individual and representative Plaintiff GONZALEZ, on behalf of herself and all others similarly situated, as defined below, against her former employers. Plaintiff, putative collective action members, and putative class members (all putative members hereinafter referred to collectively as "Class Members") seek recovery for violations of state and federal overtime and minimum wage provisions, as well as all other applicable damages and penalties legally recoverable, as a result of Defendants' actions in requiring Plaintiff and Class Members to work more than forty (40) hours per week and/or more than eight (8) and twelve (12) hours in a day

3

1   without proper overtime compensation.   Plaintiff and Class Members were/are

2   employed by Defendants as "Customer Service Representatives".   All such

3   employees are similarly situated under the FLSA, 29 U.S.C. § 216(b) and CCP,

4   Section 382.  Plaintiff and Class Members seek recovery for violations of state and

5   federal overtime provisions, as well as all other applicable damages and penalties

6   legally recoverable, as a result of Defendants' actions in requiring Plaintiff and

7   Class Members to perform work without proper compensation.  Plaintiff and Class

8   Members also seek recovery for failing to provide all meal and/or rest periods as

9   required by California law.

10       12.    This action is brought under the FLSA; California Labor Code §§ 201,

11  202, 203, 226, 226.7, 510, 1194, 1198; California Business and Professions Code §

12  17200; and California IWC Wage Orders to recover from Defendants unpaid

13  overtime and/or double time compensation, damages for failing to provide all meal

14  and/or rest periods, liquidated damages, penalties, interest, attorney's fees and

15  costs of suit.

16                      **COLLECTIVE ACTION**

17       13.    Plaintiff brings the collective action, pursuant to 29 U.S.C. § 216(b),

18  on behalf of herself and all other similarly situated current and former employees

19  that worked for Defendants as a Customer Service Representative or in a

20  substantially similar position under a different title, anywhere in the United States,

21  who were not paid overtime compensation for all overtime hours worked within

22  the three-year period prior to the filing of this Complaint through the final

23  disposition of this action ("Collective Class").

24       14.    Plaintiff is informed and believes, and thereon alleges, that

25  Defendants knew, or should have known, that Plaintiff and the Collective Class

26  were working overtime hours without proper overtime compensation.  Defendants'

27  unlawful conduct was widespread and consistent.   Defendants knowingly and

28  repeatedly accepted the benefits of the labor performed by Plaintiff and Collective

                          4

1   Class Members, but failed and refused to properly compensate for all such
2   additional hours worked.  The failure to pay overtime wages due for overtime
3   hours worked by Collective Class Members was a company policy, ratified and
4   condoned by management.

5       15.    Defendants' failure to properly compensate Plaintiff and the
6   Collective Class is a violation of the FLSA, and thus, a notice of the pendency of
7   this action should be sent to all persons similarly situated.  Those persons similarly
8   situated are current and former employees of Defendants, and thus, are known to
9   Defendants and readily identifiable.

10                    **CLASS ACTION ALLEGATIONS**

11      16.    Plaintiff brings this action as a class action pursuant CCP § 382 on
12  behalf of all current and former employees that worked for Defendant IMI
13  MARKETING as a Customer Service Representative or in a substantially similar
14  position under a different title, within the state of California, who were not paid
15  overtime and/or double time compensation for all of their overtime hours worked;
16  and who were not provided with all of their meal and/or rest periods in accordance
17  with California law, while employed within the State of California within the four-
18  year period prior to the filing of this Complaint through the final disposition of this
19  action ("California Class").  Such persons have been denied proper compensation
20  for their overtime and/or double time hours worked, and were not provided with all
21  of their meal and/or rest periods in violation of the California Labor Code and IWC
22  Wage Orders.

23      17.    Defendant IMI MARKETING's failure to pay Plaintiff and California
24  Class Members all of their overtime and/or double time compensation for such
25  hours worked violates California Labor Code Sections 510, 1194 and 1198.
26  Defendant IMI MARKETING's failure to provide Plaintiff and the putative class
27  with all of their meal and/or rest periods also violated California Labor Code
28  Section 226.7.  Defendant IMI MARKETING's failure to pay Plaintiff and the

5

1   putative class in a timely manner upon resignation or termination for such hours

2   worked also violated California Labor Code Section 203.   Defendant IMI

3   MARKETING's failure to properly record the hours worked and rates of pay for

4   Plaintiff and the putative class also violated California Labor Code Section 226.

5   Defendant IMI MARKETING's failure to properly compensate Plaintiff and the

6   putative class in accordance with the FLSA and the California Labor Code

7   constitutes an unlawful business practice in violation of California Business and

8   Professions Code Section 17200 *et seq.*

9        18.   There is a well defined community of interest in the litigation and the

10  class is easily ascertainable:

11        a.   Numerosity:   Plaintiff is informed and believes, and thereon

12  alleges, that the proposed California Class is so numerous as to make joinder

13  impracticable.  Plaintiff is informed and believes, and thereon alleges, that the total

14  number of putative class members, as defined above, exceeds 50 and that such

15  persons are located in all parts of the state of California and throughout the various

16  United States.

17        b.   Common questions predominate:  This action is maintainable by

18  Plaintiff under CCP, Section 382 as a class action because the questions of law and

19  fact common to the class predominate over any questions affecting individual

20  members and, on balance, a class action is superior to other methods available for

21  adjudicating the controversy. The rights which are the subject of this action are

22  common to all California Class Members who worked for Defendant IMI

23  MARKETING within California, and Plaintiff's claims, as hereinafter set forth, are

24  typical of the claims of all Class Members including, but not limited to:

25        i)   Whether Defendant IMI MARKETING failed to properly

26  compensate Plaintiff and California Class Members for all of their overtime and/or

27  double time hours worked in violation of the California state wage and hour laws;

28  ////

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1        ii)    Whether Defendant IMI MARKETING failed to provide

2  Plaintiff and California Class Members with all of their meal and/or rest periods in

3  violation of the California state wage and hour laws;

4        v)    Whether Defendant IMI MARKETING failed to properly

5  record and keep adequate records of all of the hours worked by Plaintiff and

6  California Class Members, and whether Defendant IMI MARKETING provided a

7  proper itemized statement of wages earned and hours worked, as required under

8  state law; and

9        vi)    Whether Plaintiff and California Class Members are entitled

10  waiting time penalties pursuant to Cal. Labor Code Section 203.

11        c.    Typicality:  Plaintiff's claims, as well as Defendant IMI

12  MARKETING's defenses to such claims, are typical of the claims and defenses of

13  the putative class.  Plaintiff and California Class Members all sustained damages

14  arising out of Defendant IMI MARKETING's common practices of requiring its

15  "Customer Service Representative" and other employees who worked in a

16  substantially similar position under a different title, to work overtime and/or

17  double time hours without paying all of the overtime compensation due; failing to

18  provide them with all of their meal and/or rest periods, and failing to accurately

19  record all hours worked and appropriate rates of pay.  Plaintiff has the same, or

20  substantially similar, duties and job responsibilities as Class Members.

21        d.    Adequacy:  Plaintiff is an adequate representative of the class

22  in that her claims are typical of each class member and he has no interest

23  antagonistic to or in conflict with the interests of other California Class Members.

24  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each

25  class member.  Moreover, to represent her interests and the interests of the

26  proposed class, Plaintiff has retained counsel experienced in nationwide, and

27  statewide, wage and hour collective and class action litigation.

28  ////

7

1        e.    Superiority:  Class action adjudication is superior to other
2  available methods because a class action will achieve economies of time, effort,
3  and expense as compared to separate lawsuits, and avoid inconsistent outcomes,
4  because the same issues can be adjudicated in the same manner for the entire class.
5  Plaintiff is currently unaware of any pending litigation commenced by any other
6  class member involving the same issues in this Complaint.  Further, it is desirable
7  to concentrate the litigation of such claims in this forum, and there are no
8  difficulties likely to be encountered in the management of the class action.

9        f.    Public Policy Consideration:  Employers throughout the state
10  violate wage and hour laws every day.  Current employees are often afraid to assert
11  their rights out of fear of direct or indirect retaliation.  Former employees are
12  fearful of bringing actions because they perceive that their former employers can
13  damage their future endeavors through negative references and other means.  Class
14  actions provide the Class Members who are not named in the complaint with a type
15  of anonymity that allows for the vindication of their rights.

16      19.   This action is also maintainable as a class because filing separate
17  actions may result in varying or contradictory adjudications, thus establishing
18  incompatible standards of conduct for Defendant.  Further, Plaintiff is informed
19  and believes, and thereon alleges, that Defendant IMI MARKETING acted, or
20  failed to act, on grounds that generally affected the entire class as a whole.
21  Moreover, the damages suffered by individual class members are small by
22  comparison to the cost and expense of individual prosecution of the action.  Filing
23  as a class will also obviate the need for duplicative litigation, and thus, is the most
24  efficient and cost effective means by which to adjudicate these claims.

25      20.   Plaintiff requests that absent class members be notified by the best
26  notice practicable under the circumstances, including individual notice to all
27  members who can be identified through reasonable effort.
28  ////

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## STATEMENT OF FACTS

21.    At all times herein set forth, Defendant IMI MARKETING was an "employer" within the definition of the FLSA and California State Law; and Plaintiff and Class Members were at all times herein set forth employees of Defendant IMI MARKETING within the definition of the FLSA and California State Law.

22.    At all times herein set forth, Defendant NELSON was an "employer" within the definition of the FLSA and/or a person acting in the employer's interest in dealing with employees, and Plaintiff and Collective Class Members were at all times herein set forth employees of Defendant NELSON within the definition of the FLSA.

23.    Plaintiff is informed and believes, and thereon alleges, that at all times set forth herein, Defendants' annual gross volume of sales made or business done is not less than $500,000.

24.    As set forth above, Defendants employed Plaintiff in the capacity of "Customer Service Representative" during all relevant statutory periods. Plaintiff was employed by Defendants out of their office located at 140 East Commonwealth Avenue, Fullerton, CA from December, 2010 through July of 2011, and Defendants paid Plaintiff $575.00 per week no matter how many hours she worked.

25.    Throughout her employment with Defendants, Plaintiff was frequently required to work more than eight (8) hours per day, more than forty (40) hours per week, and/or more than twelve (12) hours per day, and/or seven (7) days in a week without proper overtime and/or double time compensation, in order to complete the duties assigned to her.

26.    Throughout her employment with Defendants, Plaintiff was not provided with uninterrupted meal and/or rest periods as mandated by California law for each day she worked.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

27.   Throughout Plaintiff's employment, Defendants did not accurately record the hours worked by Plaintiff and/or the correct rates of pay for such hours worked on her pay stubs.

28.   Plaintiff has not been paid for her uncompensated overtime and/or double time hours worked, nor has she been provided an additional hour of pay for each meal and/or rest period that she was not provided.

29.   Plaintiff is informed and believes, and thereon alleges that Defendant NELSON was actively involved in the management and policy setting functions of IMI MARKETING and exercised control over employee wages, hours, and working conditions and/or were acting in the interests of IMI MARKETING in dealing with Plaintiff's employment.

30.   Plaintiff is informed and believes, and thereon alleges that Defendant NELSON designed and established all policies of IMI MARKETING, including those policies which caused Plaintiff to work overtime and minimum wage hours without receiving full compensation for such hours.

31.   Plaintiff is informed and believes, and thereon alleges that Defendant NELSON was responsible for establishing, setting and/or ratifying the rates of pay for all employees of IMI MARKETING, including Plaintiff and Class Members.

32.   Plaintiff is informed and believes, and thereon alleges that Defendant NELSON is a shareholder, owner and/or officer of Defendant IMI MARKETING; had controls over significant day-to-day functions of IMI MARKETING; and/or was a person with significant operational control over Defendant IMI MARKETING.

33.   Plaintiff is informed and believes, and thereon alleges that Defendant NELSON had personal knowledge of IMI MARKETING's wage and hour policies; that Defendant NELSON was a decision maker with regard to IMI MARKETING's policies regarding the wages and working conditions of its

////

10

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1   employees; and that Defendant NELSON was the persons who developed,
2   implemented and/or ratified such policies.

3       34.   Defendants knew or should have known that Plaintiff and Class
4   Members worked overtime and/or double time without full compensation and/or
5   were not provided with all of their meal and/or rest periods in that Defendants, or
6   their agents, officers and employees, required Plaintiff to work such hours and
7   were responsible for establishing the policies that prohibited Plaintiff, and the other
8   Class Members, from receiving compensation for all of their hours worked.
9   Defendants maintained a pervasive and widespread system whereby Plaintiff and
10   Class Members were only paid a flat weekly rate for all hours worked, even hours
11   in excess of forty (40) per week, and/or eight (8) and twelve (12) per day.
12   Defendants knowingly accepted the benefits of Plaintiff's labor, and the labor of
13   Class Members, without providing lawful compensation.

14       35.   Plaintiff is informed and believes, and thereon alleges, that at all times
15   set forth herein, Defendants were advised by skilled lawyers and other
16   professionals, employees and advisors knowledgeable about the FLSA and
17   California overtime and wage laws. Plaintiff is further informed and believes, and
18   thereon alleges, that at all times relevant to this Complaint, Defendants knew or
19   should have known that Plaintiff and other "Customer Service Representative"
20   were not being properly compensated for all of their overtime hours worked under
21   either California or federal law.

22       36.   These actions by Defendants amount to blatant and willful violations
23   of the FLSA and the California labor code. Therefore, Plaintiff is informed and
24   believes, and thereon alleges, that at all times relevant herein, Defendants knew
25   that they had a duty to record all of Plaintiff's and Class Members' hours worked
26   and various rates of pay and to compensate them properly.
27   ////
28   ////

11

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

37.     Plaintiff is informed and believes that Defendant willfully, knowingly and intentionally failed to comply with the FLSA and California law, all in order to increase Defendant's profits.

## FIRST CAUSE OF ACTION

## FOR WILLFUL VIOLATION OF 29 U.S.C. § 207

### (Against all Defendants)

38.     Plaintiff reasserts and realleges paragraphs 1 through 37, inclusive, as though fully set forth and incorporates said paragraphs herein by reference.

39.     The Defendants have either recklessly or knowingly and intentionally failed to compensate Plaintiff and Collective Class Members at the rate of time and one-half for all of their overtime hours worked.

40.     As set forth more fully above, Plaintiff and Collective Class Members worked more than forty (40) hours per week without receiving all of her overtime compensation as required under the FLSA.

41.     Although Defendants were apprised of the law regarding the payment of overtime hours covered by the FLSA, Defendants failed to pay Plaintiff and Collective Class Members overtime compensation for their overtime hours worked.

42.     Defendants maintained a pervasive and widespread system whereby Plaintiff and Class Members were paid a flat weekly rate regardless of the number of hours they worked.  Defendants knowingly accepted the benefits of Plaintiff's labor, and the labor of Class Members, without providing lawful compensation.

43.     In doing all the things described and alleged in this Complaint, Defendants deprived Plaintiff and Collective Class Members of the rights secured to them under federal law, which clearly sets forth that such employees are entitled to compensation at the rate of one and one-half their regular rate of compensation for all hours worked in excess of forty (40) hours in a workweek.

////

12

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

44.     In failing to compensate Plaintiff and Collective Class Members for all their overtime hours worked, Defendants have also failed to keep and preserve sufficient records to accurately determine Plaintiff and Collective Class Members lawful compensation, as required by the FLSA.

45.     Defendants willfully, in bad faith and/or with a reckless disregard for Plaintiff's and Collective Class Members' rights under the law, failed to compensate Plaintiff and Collective Class Members for all of their overtime hours worked.

46.     As a direct and proximate result of Defendants' actions and inactions, Plaintiff and Collective Class Members have been damaged and are entitled to compensatory and/or liquidated damages in an amount according to proof at trial including, but not limited to, a sum equivalent to their unpaid overtime compensation and an equal amount for liquidated damages, according to proof, for the three (3) years preceding the filing of this Complaint as required under 29 U.S.C . § 216(b), attorney fees, and costs, as well as any other equitable relief that the Court deems just and proper.  Plaintiff, on behalf of herself and the Collective Class, seek recovery of all the aforementioned damages.

## SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE §§ 1198 and 510

### (Against Defendant IMI MARKETING)

47.     Plaintiff reasserts and realleges paragraphs 1 through 46, inclusive, as though fully set forth and incorporates said paragraphs herein by reference.

48.     The Defendant IMI MARKETING's conduct, as described in this Complaint, violates the provisions of California Labor Code § 1198, which provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission ("IWC").

49.     At all times relevant to this Complaint, the IWC Wage Order applicable to Plaintiff's employment by Defendant IMI MARKETING provided

13

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  that employees are entitled to payment at the rate of one and one-half their regular

2  rate of pay for all hours worked in excess of eight (8) hours in a day, forty (40)

3  hours in a workweek, and/or the first eight (8) hours in the seventh consecutive

4  day of work.  The applicable Wage Order also provides that all hours worked in

5  excess of twelve (12) hours in a day, or in excess of eight (8) hours on the seventh

6  consecutive day of work, must be paid at a rate of two times the regular rate of

7  pay.  Effective January 1, 2000, these rights to overtime compensation were

8  codified in California Labor Code § 510.

9      50.    During her employment by Defendant IMI MARKETING, Plaintiff,

10  and California Class Members, frequently worked more than eight (8) hours a day

11  and/or forty (40) hours per week, and/or twelve (12) hours in a day, and sometimes

12  worked seven consecutive days in a week with hours worked in excess of eight (8)

13  and/or twelve (12).  Despite these hours worked, Defendant willfully, in bad faith,

14  and in knowing violation of the California Labor Code, failed and refused to pay

15  Plaintiff and the California Class Members all of their overtime and/or double time

16  compensation owed.

17      51.    Defendants maintained a pervasive and widespread system whereby

18  Plaintiff and Class Members were paid a flat weekly rate regardless of the number

19  of hours they worked.  Defendant IMI MARKETING knowingly accepted the

20  benefits of Plaintiff's labor, and the labor of Class Members, without providing all

21  of their lawful overtime and/or double time compensation.

22      52.    Defendant IMI MARKETING's failure to pay Plaintiff and California

23  Class Members the unpaid balance of overtime compensation violates the

24  provisions of Labor Code § 1198 and is therefore unlawful.

25      53.    Therefore, pursuant to California Labor Code § 1194, Plaintiff and

26  California Class Members are entitled to recover their unpaid overtime

27  compensation in an amount according to proof, plus interest, attorney fees and

28  costs.

### THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE §§226.7 AND 512

### (Against Defendant IMI MARKETING)

54.   Plaintiff reasserts and realleges paragraphs 1 through 53, inclusive, as though fully set forth and incorporates said paragraphs herein by reference.

55.   The Defendant's conduct, as described in this Complaint, violates the provisions of California Labor Code § 226.7 which provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

56.   At all times herein set forth, the IWC Wage Order applicable to Plaintiff's employment by Defendant, provides that no employer shall employ any person for a work period of more than five hours without a meal period of not less than 30 minutes.  If an employer fails to provide an employee a meal period, the employer shall pay the employee one hour of pay for each instance that the meal period is not provided.

57.   At all times herein set forth, the IWC Wage Order applicable to Plaintiff's employment by Defendant, also provides that every employer shall permit and authorize each employee to take rest periods of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof. If an employer fails to provide an employee a rest period, the employer shall pay the employee one hour of pay for each instance that the rest period is not provided.

58.   By not allowing Plaintiff to take her meal and/or rest periods, the Defendant's conduct, as described in this Complaint, violates the provisions of California Labor Code § 512 which provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes..."

59.   Defendant's failure to provide Plaintiff and other Class Members their regular meal and/or rest periods as required by the applicable wage order, violated

1  the provisions of California Labor Code Sections 226.7, 512, and IWC Wage
2  Orders, and is therefore unlawful.

3      60.    Therefore, Plaintiff and other California Class Members are entitled to
4  recover from Defendants one additional hour of pay at their regular rate of
5  compensation for each instance that their meal and/or rest periods were not
6  provided in accordance with California Labor Code § 226.7(b), and an award of
7  costs and reasonable attorney fees.

8                            **FOURTH CAUSE OF ACTION**

9    **VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202 AND 203**
10                 **(Against Defendant IMI MARKETING)**

11      61.    Plaintiff reasserts and realleges paragraphs 1 through 60, inclusive, as
12  though fully set forth and incorporates said paragraphs herein by reference.

13      62.    Defendant IMI MARKETING's conduct, as described in this
14  Complaint, violates the provisions of California Labor Code § 203 which provides
15  that "If an employer willfully fails to pay, without abatement or reduction, in
16  accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee
17  who is discharged or who quits, the wages of the employee shall continue as a
18  penalty from the due date thereof at the same rate until paid or until an action
19  therefore is commenced; but the wages shall not continue for more than 30 days . .
20  . . Suit may be filed for these penalties at any time before the expiration of the
21  statute of limitations on an action for the wages from which the penalties arise."

22      63.    Defendant IMI MARKETING's failure to pay Plaintiff and/or any
23  California Class Members their overtime wages, and/or double time wages, and/or
24  an additional hour of pay for each meal and/or rest period not provided at the time
25  of discharge, or within seventy-two (72) hours of their leaving Defendant's
26  employ, violated California Labor Code Section 201 and/or Section 202.

27      64.    Therefore, Plaintiff and/or any California Class Members who are no
28  longer employed by Defendant IMI MARKETING are entitled to recover from

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1   Defendant IMI MARKETING the statutory penalty for each day that they were not
2   paid at their regular rate of pay up to a thirty (30) day maximum pursuant to
3   California Labor Code § 203.

### FIFTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE § 226

**(Against Defendant IMI MARKETING)**

7   65.   Plaintiff reasserts and realleges paragraphs 1 through 64, inclusive, as
8   though fully set forth and incorporates said paragraphs herein by reference.

9   66.   Defendant IMI MARKETING either recklessly or knowingly and
10  intentionally failed to make, keep, preserve and provide true, accurate, and
11  complete itemized records of, among other things, the actual number of hours
12  worked each workday and each workweek by Plaintiff and California Class
13  Members, records of any meal periods taken or not taken, and the various rates at
14  which Defendant IMI MARKETING paid its "Customer Service Representative."

15  67.   Therefore, Plaintiff and California Class Members are entitled to
16  recover from Defendant IMI MARKETING the greater of their actual damages
17  caused by Defendant IMI MARKETING's failure to comply with California Labor
18  Code § 226(a) or an aggregate penalty not exceeding four thousand dollars
19  ($4000), and an award of costs and reasonable attorney's fees pursuant to Labor
20  Code § 226(e).

### SIXTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS

### CODE SECTION 17200 *et seq*

### UNFAIR BUSINESS PRACTICES

**(Against Defendant IMI MARKETING)**

26  68.   Plaintiff reasserts and realleges paragraphs 1 through 67, inclusive, as
27  though fully set forth and incorporates said paragraphs herein by reference.
28  ////

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

69.     Plaintiff brings this cause of action on behalf of all current and former employees that worked for Defendant IMI MARKETING as "Customer Service Representative," or in a substantially similar position under a different title, within the state of California and who were not paid overtime and/or double time compensation for all of their overtime and/or double time hours worked within the four-year period prior to the filing of this Complaint through the final disposition of this action.

70.     Defendant IMI MARKETING's failure to pay the legally mandated wages as discussed above in violation of California law and the FLSA constitutes an unlawful business act and practice in violation of Business and Professions Code §17200 et seq.

71.     Pursuant to Business and Professions Code Section 17200 et seq., Plaintiff and California Class Members employed by Defendant IMI MARKETING are entitled to restitution of their uncompensated overtime, and/or double time which have been withheld and retained by Defendant IMI MARKETING during a period that commences four years prior to the filing of this action; a permanent injunction requiring Defendant IMI MARKETING to properly compensate "Customer Service Representative[s]" for all of their overtime hours worked; an award of attorney fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law; and costs.

### PRAYER FOR RELIEF

#### Certification

1.     That this action be certified as a class pursuant to CCP, Section 382;

2.     That this action be certified as a Collective Action, pursuant to 29 U.S.C. § 216(b).

3.     That Plaintiff be appointed as the representative of the Collective Class and the California Class; and

////

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

4.     That Counsel for Plaintiff be appointed as Counsel for the Collective Class and the California Class.

**WHEREFORE, Plaintiff and Collective Class Members pray for relief against Defendants, jointly and severally, as follows:**

<u>As to the First Cause of Action</u>

1.     For general unpaid wages at overtime rates, and any other actual, consequential, liquidated and incidental losses and damages, according to proof at trial;

2.     Such other damages as may be allowed by 29 U.S.C. 216(b), and any other applicable statute according to proof;

3.     Liquidated damages, attorney fees, and costs pursuant to 29 U.S.C. 216(b); and

4.     Any other relief, including equitable relief, as the Court may deem just and proper.

**WHEREFORE, Plaintiff and California Class Members pray for relief against Defendant IMI MARKETING as follows:**

<u>As to the Second Cause of Action</u>

1.     For general unpaid wages at overtime rates and such general and special damages as may be appropriate;

2.     For pre-judgment interest on any unpaid overtime compensation due from the day such amounts were due;

4.     For reasonable attorney's fees pursuant to California Labor Code § 1194(a);

5.     For costs of suit incurred herein; and

6.     For such other and further relief as the Court may deem appropriate.

<u>As to the Third Cause of Action</u>

1.     For all actual, consequential, and incidental losses and damages, according to proof;

19

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

2.   For statutory damages pursuant to California Labor Code § 226.7(b);

3.   For reasonable attorney's fees;

4.   For costs of suit incurred herein; and

5.   For such other and further relief as the Court may deem appropriate.

### As to the Fourth Cause of Action

1.   For all actual, consequential, and incidental losses and damages, according to proof;

2.   For statutory penalties pursuant to California Labor Code § 203;

3.   For reasonable attorney's fees;

4.   For costs of suit incurred herein; and

5.   For such other and further relief as the Court may deem appropriate.

### As to the Fifth Cause of Action

1.   For all actual, consequential, and incidental losses and damages, according to proof;

2.   For statutory penalties pursuant to California Labor Code § 226(e);

3.   For reasonable attorney's fees pursuant to California Labor Code § 226(e);

4.   For costs of suit incurred herein; and

5.   For such other and further relief as the Court may deem appropriate.

### As to the Sixth Cause of Action

1.   For all actual, consequential, and incidental losses and damages, according to proof;

2.   For restitution of uncompensated overtime and accrued interest to all Class Members employed by Defendant in California;

3.   For a permanent injunction requiring Defendant to properly compensate all Class Members employed by Defendant in California for all of their overtime hours worked, and/or double time hours worked;

////

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    4.    For reasonable attorneys fees, pursuant to Code of Civil Procedure §

2    1021.5;

3    5.    For costs of suit incurred herein; and

4    6.    For such other and further relief as the Court may deem appropriate.

5    DATED: September 1, 2011                DEASON & ARCHBOLD

6

7                                   By:_____

8                                        Matthew F. Archbold
                                         Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided California Code of Civil Procedure, section 592.

DATED: September 1, 2011                    DEASON & ARCHBOLD

By:_____
                    Matthew F. Archbold
                    Attorneys for Plaintiff

22

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL



1 │ SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   │    A Limited Liability Partnership
2 │    Including Professional Corporations
   │ GREG S. LABATE, Cal. Bar No. 149918
3 │ glabate@sheppardmullin.com
   │ TINA RAD, Cal. Bar No. 258849
4 │ trad@sheppardmullin.com
   │ 650 Town Center Drive, 4th Floor
5 │ Costa Mesa, California 92626-1993
   │ Telephone:   714-513-5100
6 │ Facsimile:   714-513-5130
   │
7 │ Attorneys for Defendant
   │ IMI MARKETING, INC.
8 │
9 │              SUPERIOR COURT OF CALIFORNIA
10 │         COUNTY OF ORANGE, CIVIL COMPLEX CENTER
11 │
12 │ EMELIA GONZALEZ,                    Case No. 30-2011-00505748
   │                                     Assigned to Hon. Ronald L. Bauer
13 │              Plaintiff,             Department CX101
14 │       v.
15 │ IMI MARKETING, INC., a California   DEFENDANT'S ANSWER TO
   │ corporation doing business as "Integrity   PLAINTIFF'S UNVERIFIED
16 │ Alarms;" MICHAEL NELSON, an        COMPLAINT
   │ individual; and DOES 1 through 10,
17 │ inclusive,
   │                                     Complaint Filed:   September 1, 2011
18 │              Defendants.            Trial Date:       None set
19 │
20 │
21 │
22 │
23 │
24 │
25 │
26 │
27 │
28 │
   │                            -1-
   │ W02-WEST.3TAR1.404016571.1          ANSWER OF DEFENDANT IMI MARKETING, INC.
   │                                     TO PLAINTIFF'S UNVERIFIED COMPLAINT

1          Defendant IMI Marketing, Inc. ("Defendant"), on behalf of itself and no

2   other defendant in this lawsuit, hereby answers the unverified Complaint of Plaintiff

3   Emelia Gonzalez ("Plaintiff") by admitting, denying, and alleging as follows:

4

5                       **GENERAL DENIAL**

6          1.     Pursuant to California Code of Civil Procedure Section 431.30(d),

7   Defendant generally denies each and every allegation of Plaintiff's Complaint.

8

9          2.     Defendant further denies, generally and specifically, that Plaintiff or

10  the putative class members have been damaged in the amount alleged, or in any other sum,

11  or at all, by reason of any act, omission to act, conduct or liability on the part of Defendant,

12  or on the part of any of Defendant's agents, servants, employees, representatives or any

13  other person or entity for whose acts Defendant is responsible.

14

15                **AFFIRMATIVE DEFENSES**

16         WHEREFORE, having answered in full, Defendant states the following

17  affirmative defenses:

18

19             FIRST AFFIRMATIVE DEFENSE

20              (Failure to State a Claim)

21         1.     Neither the Complaint nor any claim for relief therein states facts

22  sufficient to constitute a claim for relief against Defendant.

23

24            SECOND AFFIRMATIVE DEFENSE

25              (Statute of Limitations)

26         2.     The Complaint, and each purported cause of action alleged therein, is

27  barred by the applicable statutes of limitation, including but not limited to 29 USC Section

28  255, California Code of Civil Procedure Sections 337, 338, 339, 340, 343, California

-2-

ANSWER OF DEFENDANT IMI MARKETING, INC
TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   Business and Professions Code Section 17208, California Labor Code Section 203, and

2   any other statutes that may be found to apply.

3

4                        THIRD AFFIRMATIVE DEFENSE

5                              (Lack of Causation)

6           3.      Any damages to which Plaintiff or the putative class may be found

7   entitled in this action, if any, were not directly or proximately caused, in whole or in part,

8   by Defendant, and such damages, if any, must be decreased by the extent to which the acts

9   or omissions of Plaintiff, the putative class members, or any other third parties were a

10  cause of said damages, if any.

11

12                       FOURTH AFFIRMATIVE DEFENSE

13                             (Failure to Mitigate)

14          4.      Plaintiff and the putative class have failed to mitigate damages, and to

15  the extent of such failure to mitigate, any damages awarded to Plaintiff and/or the putative

16  class should be reduced accordingly.

17

18                        FIFTH AFFIRMATIVE DEFENSE

19                                (Estoppel)

20          5.      Plaintiff and the putative class members are estopped by their conduct

21  from asserting the causes of action contained in the Complaint.

22

23                        SIXTH AFFIRMATIVE DEFENSE

24                                 (Consent)

25          6.      The alleged causes of action are barred, in whole or in part, because of

26  ratification, agreement, acquiescence or consent by Plaintiff and/or putative class members

27  to Defendant's alleged conduct.

28

-3-

Exhibit A
Page 31

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7. By virtue of the conduct of Plaintiff and/or putative class members, they have unclean hands and are thereby barred from any relief in this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

8. Plaintiff's Complaint and each cause of action therein is barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9. Any recovery by Plaintiff or the putative class is barred, in whole or in part, by the equitable doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Excuse)

10. Any performance required of Defendant was excused by virtue of the prior conduct of Plaintiff and/or the putative class members.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Privilege)

11. The Complaint, and each and every cause of action asserted therein, is barred for the reason that each and every act of Defendant was a good faith exercise of Defendant's rights and, therefore, was privileged under the law.

-4-

## TWELFTH AFFIRMATIVE DEFENSE

### (Authorization of Law)

12.     The Complaint, and each purported cause of action alleged therein, is barred because any acts and omissions of Defendant were at all times legal and authorized by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Justification)

13.     The Complaint, and each and every purported cause of action contained therein, is barred because Defendant's actions towards Plaintiff and/or the putative class members were at all times justified, privileged, reasonable, in good faith, without any improper motive, purposes or means, and without any hatred, ill will, malice, or intent to injure.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statutory Compliance)

14.     Plaintiff's claims are barred because Defendant performed all actions required by law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Performance of Duties)

15.     Defendant has fully performed its statutory, contractual, and other duties owed to Plaintiff and the putative class members, if any.  Defendant did not commit any wrongful act as to Plaintiff and/or the putative class and, therefore, is not responsible for any damages which Plaintiff claims.

-5-

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

16. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant did not authorize or ratify any unlawful conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Exemptions)

17. The Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiff and/or the putative class members were not entitled to overtime on grounds which include, but are not limited to, the executive, administrative or professional exemptions under the FLSA and California law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault/Bad Faith)

18. Plaintiff and other persons and entities other than Defendant have acted in bad faith with respect to the matters alleged in the Complaint and are otherwise at fault. By reason of Plaintiff's bad faith and comparative fault, Plaintiff's right of recovery from Defendant, if any, should be reduced/eliminated by that amount which the negligence, bad faith and fault of persons and entities other than Defendant, including Plaintiff, contributed to any damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Misrepresentation)

19. Defendant is informed and believes that Plaintiff's causes of action are barred, in whole or in part, by misrepresentations made by Plaintiff.

-6-

ANSWER OF DEFENDANT IMI MARKETING, INC.
TO PLAINTIFF'S UNVERIFIED COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

### (Setoff, Offset, Recoupment)

20.     Some or all of the purported causes of action in the Complaint are subject to setoff, offset and/or recoupment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Release)

21.     Some or all of the purported causes of action in the Complaint and/or the claims of Plaintiff and/or the putative class members have been released.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Payment)

22.     The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff and the putative class members have been paid all wages due and owed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Pay Not Willful)

23.     Assuming that Defendant failed to pay Plaintiff or putative class members all monies due, Defendant cannot be held liable because the failure to pay was not willful.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

24.     The Complaint is barred, in whole or in part, because a good faith dispute exists as to whether any wages are due.

-7-

Exhibit A
Page 35

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

(Clerical Error)

3      25.      Any recovery assessed should be reduced in whole or in part because

4  any violation was inadvertent and/or due to a clerical error or inadvertent mistake.

5

6

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

7

(De Minimis Activities)

8      26.      Assuming that Plaintiff or any putative class members were not

9  compensated for all hours worked, Plaintiff and putative class members are not entitled to

10  any relief because such work was de minimis and therefore, not compensable.

11

12

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

13

(Reasonableness and Good Faith)

14      27.      Defendant acted reasonably and in good faith at all times material

15  herein, based on all relevant facts and circumstances known by Defendant at the time it so

16  acted. Accordingly, Plaintiff and the putative class are barred, in whole or in part, from

17  any recovery in this action.

18

19

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

20

(Portal To Portal Act/ FLSA/ERISA Preemption)

21      28.      Plaintiff's state law claims are preempted by federal law including the

22  Portal to Portal Act, the Fair Labor Standards Act, and the Employee Retirement Income

23  Security Act of 1974.

24

25

26

27

28

-8-

Exhibit A
Page 36

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Certifiable Class)

29.    The Complaint does not state facts sufficient to certify a class pursuant to California Code of Civil Procedure Section 382 or any other applicable law, and this action is not properly brought as a class action.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Putative Members Not Similarly Situated)

30.    Plaintiff cannot maintain a representative or class action because Plaintiff is not similarly situated with the putative class members.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Improper Class Representative)

31.    Plaintiff is not a proper representative of the class that Plaintiff purports to represent and, accordingly, this action is not properly brought as a class action.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Proper Representative Claims)

32.    None of the causes of action alleged in the Complaint are appropriate for resolution on a representative basis.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Standing)

33.    The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff and/or the putative class members lack standing to assert the claims alleged therein.

-9-

ANSWER OF DEFENDANT IMI MARKETING, INC.
TO PLAINTIFF'S UNVERIFIED COMPLAINT

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Equitable Relief)

34.     Plaintiff's demand for equitable and injunctive remedies is barred, in whole or in part, as monetary damages would provide an adequate remedy for any harm allegedly suffered by Plaintiff or the putative class.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Damages)

35.     Neither Plaintiff nor any putative class member has suffered any damages as a result of any actions taken by Defendant or their agents and Plaintiff and the putative class are therefore barred from asserting any cause of action against Defendant.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Availability of Damages)

36.     Pursuant to Business and Professions Code Section 17200 et seq., neither Plaintiff nor the putative class members are entitled to an award of damages.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

37.     Neither Plaintiff nor the putative class can recover any of the damages alleged in the Complaint because such damages, if any, are too speculative to be recoverable at law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Civil Penalties Unconstitutional)

38.     Defendant is informed and believes, and based upon such information and belief alleges, that the penalties sought in Plaintiff's Complaint violate the Due Process Clauses of the United States and California Constitutions.

-10-

Exhibit A
Page 38

1 THIRTY-NINTH AFFIRMATIVE DEFENSE

2 (Civil Penalties Unconstitutional – Excessive Fines)

3   39.   Defendant is informed and believes, and based upon such information

4 and belief alleges, that any award of damages, penalties, restitution and/or disgorgement

5 against Defendant would violate the Excessive Fines Clauses of the Eighth Amendment (as

6 incorporated by the Due Process Clause of the Fourteenth Amendment to the United States

7 Constitution) and Article I, Section 17 of the California Constitution.

8

9 FORTIETH AFFIRMATIVE DEFENSE

10 (Failure to Allege Unlawful Practice)

11   40.   Plaintiff's Complaint fails to state a cause of action based on an

12 "unlawful" business practice because Plaintiff has not alleged, and cannot establish, that

13 Defendant violated a law.

14

15 FORTY-FIRST AFFIRMATIVE DEFENSE

16 (Failure to Allege Unfair Practice)

17   41.   Plaintiff's Complaint fails to state a cause of action based on an

18 "unfair" business practice because Plaintiff has not alleged, and cannot establish, such

19 conduct.

20

21 FORTY-SECOND AFFIRMATIVE DEFENSE

22 (No Predicate Violation of Law)

23   42.   Plaintiff cannot establish a predicate violation of law by Defendant

24 sufficient to maintain a cause of action pursuant to Business and Professions Code Section

25 17200 et seq. Further, Plaintiff's claims for violation of Business and Professions Code

26 Section 17200 et seq. are barred to the extent they are based upon the purported violation

27 of a statute or regulation that is of purely regulatory import, or otherwise do not define

28 "unlawful" conduct.

-11-

1

<u>FORTY-THIRD AFFIRMATIVE DEFENSE</u>

2

(Lack of Specificity)

3      43.      Plaintiff's cause of action for unfair business practices in violation of

4  Business and Professions Code Section 17200 <u>et seq.</u> is barred because it fails to plead

5  specific facts capable of stating a claim for unfair business practices.

6

7

<u>FORTY-FOURTH AFFIRMATIVE DEFENSE</u>

8

(Safe Harbor)

9      44.      Plaintiff's claim based upon California Business and Professions Code

10  Section 17200 <u>et seq.</u>, is barred because the conduct alleged falls within a safe harbor.

11

12

<u>FORTY-FIFTH AFFIRMATIVE DEFENSE</u>

13

(No Availability of Damages)

14      45.      Pursuant to Business and Professions Codes Section 17200 <u>et seq.</u>,

15  neither Plaintiff nor the putative class members are entitled to an award of damages.

16

17

<u>FORTY-SIXTH AFFIRMATIVE DEFENSE</u>

18

(No Losses/Unjust Enrichment)

19      46.      Plaintiff and the putative class members have not suffered any losses

20  and Defendant has not been unjustly enriched as a result of any action or inaction of

21  Defendant.  Plaintiff and the putative class members are therefore not entitled to any

22  disgorgement or restitution.

23

24

25

26

27

28

-12-

ANSWER OF DEFENDANT IMI MARKETING, INC.
TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    FORTY-SEVENTH AFFIRMATIVE DEFENSE

2    (Legitimate Business Purpose)

3        47.   Defendant alleges that it cannot be liable for any alleged violation of

4    Business and Professions Code Section 17200 et seq. because any such action, conduct,

5    and/or dealings with Plaintiff or putative class members, if any, were lawful, and were

6    carried out in good faith for legitimate business purposes.

7

8    FORTY-EIGHTH AFFIRMATIVE DEFENSE

9    (Taking)

10        48.   Defendant is informed and believes and based upon such information

11    and belief alleges that any award of restitution and/or disgorgement against Defendant

12    pursuant to Business and Professions Code Section 17200 et seq. would constitute a taking

13    of property without just compensation in violation of the Takings Clause of the Fifth

14    Amendment to the United States Constitution (as incorporated by the Due Process Clause

15    of the Fourteenth Amendment of the United States Constitution) and Article I, Section 19

16    of the California Constitution.

17

18    FORTY-NINTH AFFIRMATIVE DEFENSE

19    (Improper Delegation of Powers)

20        49.   To the extent that Plaintiff purports to seek relief pursuant to Business

21    and Professions Code Section 17200 et seq. on behalf of members of the general public,

22    Defendant is informed and believes and based upon such information and belief alleges

23    that the Complaint seeks the application of the law of California in a manner that would

24    improperly delegate the executive branch's prosecutorial power to private parties, in

25    contravention of the separation of powers doctrine set forth in Article III, Section 3 of the

26    California Constitution, and would violate the provisions of Article V of the California

27    Constitution vesting the State's executive power in the executive branch, by authorizing

28    private plaintiffs to purport to bring suit on behalf of the interests of the general public.

-13-

ANSWER OF DEFENDANT IMI MARKETING, INC.
TO PLAINTIFF'S UNVERIFIED COMPLAINT

## FIFTIETH AFFIRMATIVE DEFENSE

### (Improper Expansion of Judicial Powers)

50.     Defendant is informed and believes and based on such information and belief alleges that the Complaint seeks to apply Business and Professions Code Section 17200 et seq. in a manner that would impermissibly enlarge the powers of the judiciary, in contravention of the Due Process Clause of Article I, Section 7 of the California Constitution, the separation of powers doctrine and the provisions of Article VI of the California Constitution vesting the State's judicial power in the judicial branch, and by purporting to expand the Court's jurisdiction to include the power to order a defendant to pay restitution for injuries allegedly suffered by non-parties.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

51.     Plaintiff's purported causes of action fail to state facts sufficient to entitle Plaintiff or the putative class to an award of attorneys' fees in any amount.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Defendant Entitled to Attorneys' Fees)

52.     Defendant is entitled to an award of attorneys' fees if it is the prevailing party in this civil action.

## **RESERVATION OF RIGHT TO AMEND ANSWER**

Defendant hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its answer to assert any such defense.

-14-

W02-WEST:3TART:404036571.1

ANSWER OF DEFENDANT IMI MARKETING, INC.
TO PLAINTIFF'S UNVERIFIED COMPLAINT

## **PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff and the putative class take nothing by the Complaint and that judgment be entered in favor of Defendant;

2. That the relief sought by Plaintiff and the putative class in the Complaint be denied;

3. That Defendant be awarded its costs of suit and reasonable attorneys' fees to the extent provided by law; and,

4. For such other and further relief as the Court may deem just and proper.

Dated:  October 7, 2011

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

GREG S. LABATE
TINA RAD
Attorneys for Defendant
IMI MARKETING, INC.

-15-

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF ORANGE</u>

I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within entitled action; my business address is 650 Town Center Drive, 4th Floor, Costa Mesa, California 92626-1993.

On **October 7, 2011,** I served the following document(s) described as **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

> David Deason, Esq.
> Matthew Archbold, Esq.
> Deason & Archbold
> 3300 Irvine Ave., Suite 245
> Newport Beach, CA  92660

**BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 7, 2011, at Costa Mesa, California.


Anne C. Ramey

-16-

ANSWER OF DEFENDANT IMI MARKETING, INC.
TO PLAINTIFF'S UNVERIFIED COMPLAINT

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within entitled action; my business address is 650 Town Center Drive, 4th Floor, Costa Mesa, California 92626-1993.

On **October 12, 2011**, I served the following document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT IMI MARKETING, INC. UNDER 28 U.S.C. § 1441(c) (FEDERAL QUESTION JURISDICTION); CIVIL COVER SHEET; NOTICE OF INTERESTED PARTIES** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

David Deason, Esq .
Matthew Archbold, Esq.
Deason & Archbold
3300 Irvine Ave., Suite 245
Newport Beach, CA  92660

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 714-513-5130. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. A copy of that report is attached to this declaration.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above. The electronic notification address from which I served the documents(s) is .

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 12, 2011, at Costa Mesa, California.

*Anne C. Ramey*

Anne C. Ramey

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| EMELIA GONZALEZ | IMI MARKETING, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| DEASON & ARCHBOLD<br>Matthew F. Archbold, #210369; David D. Deason, #207733<br>3300 Irvine Ave., Suite 245<br>Newport Beach, CA  92660<br>Phone:  (949)-794-9560<br>FAX:  (949) 794-9517 | SHEPPARD, MULLIN, RICHTER & AHMPTON LLP<br>GREG S. LABATE, No. 149918; TINA RAD, No. 258849<br>650 Town Center Drive, Fourth Floor<br>Costa Mesa, CA 92626<br>Phone:  (714) 513-5100<br>FAX:  (714) 513-5130 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1331, 1441 and 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**    Case Number: __**SACV11-01582    AN**__

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    ORIGINAL

American LegalNet, Inc.<br>www.FormsWorkflow.com

Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note: In land condemnation cases, use the location of the tract of land involved**

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date _10/11/11_

Tina Rad

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com